TOKIO MARINE AND FIRE INSURANCE COMPANY, LIMITED, American N. T. N. Bearing Corp., and N. T. N. Bearing Manufacturing Corp., Plaintiffs,

v.

NIPPON YUSEN KAISHA LINES, Transcontainer, Ltd., Port of Seattle, and Crescent Wharf and Warehouse Co., Defendants.

No. C78–161B.

United States District Court, W. D. Washington.

Feb. 13, 1979.

David Danielson, of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiffs.

Hugh A. McClure, of Reed, McClure, Moceri & Thonn, Seattle, Wash., for defendant, Port of Seattle.

Joseph H. Langjahr, of Detels, Draper & Marinkovich, Seattle, Wash., for defendant, Crescent Wharf & Warehouse Co.

## ORDER

BEEKS, District Judge.

Plaintiffs move to strike affirmative defenses III, IV and V from the answer of Crescent Wharf and Warehouse Co. to plaintiffs' complaint on the ground that Article 5 of the bill of lading does not extend the package limitation to Crescent. The motion is granted.

Article 5 of the bill of lading provides:

"5. (Sub-Contracting: Exemptions and Immunities of Servants, Agents and Sub-contractors) The Carrier shall be entitled to sub-contract on any terms the whole or any part of the handling, storage or carriage of the Goods and any and all duties whatsoever undertaken by the Carrier in relation to the Goods. The Merchant shall indemnify the Carrier against any claims which may be made upon the Carrier by any servant, agent or sub-contractor of the Carrier in relation to the claim against any such person made by the Merchant. Without prejudice to the foregoing, every such servant, agent and sub-contractor shall have the benefit of all provisions herein for the benefit of the Carrier as if such provisions were expressly for their benefit; and in entering into this contract the Carrier, to the extent of those provisions, does so not only on his own behalf but also as agent and trustee for such servants, agents and sub-contractors."

While its application may appear somewhat inequitable in the circumstances of this particular case, the rule in this circuit, as elsewhere, is that only those parties in a direct contractual relationship with the carrier may take advantage of bill of lading provisions and then only if the intent to extend them to those parties is clearly expressed. *Tessler Brothers (B.C.) Ltd. v. Italpacific Line,* 494 F.2d 438, 442 (9th Cir. 1974).

Here the carrier subcontracted its obligation to discharge the cargo in question to the Port of Seattle which in turn contracted with Crescent to fulfill its obligation to the carrier. Crescent was not a subcontractor of the carrier. Accordingly, it cannot be said to be a beneficiary of the provisions in the bill of lading. *Toyomenka, Inc. v. SS TOSAHARU MARU,* 523 F.2d 518 (2d Cir. 1975).